IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL SMITH,** | * |
|       **Plaintiff,** | * |
| v. | * |
| | * |
| **CITY OF MOBILE, ALABAMA,** an Alabama municipal corporation**, SANDY S. SIMPSON,** individually and as Mayor of the City of Mobile**, DONALD DEES,** individually and as Director of The Mobile County Personnel Board, and the **MOBILE COUNTY PERSONNEL BOARD;** | *  **CASE NO: 16 - 478** <br> * <br> * <br> * <br> * <br> * <br> * |
|       **Defendants.** | |

## COMPLAINT

Plaintiff Michael Smith alleges the following as his complaint against the named individuals and entities listed in the style above:

### JURISDICTION AND VENUE

This Complaint is an action seeking principally declaratory and injunctive relief, along with compensatory and punitive damages, and such other relief as may be available against the named Defendants.

The Plaintiff brings this action pursuant to the Due Process and Equal Protection Clauses of the Fourteenth Amendments to the United States Constitution, made actionable by 42 U.S.C. Section 1983, the Alabama Constitution's Due Process Clause, and State Statutory violations.

Jurisdiction is based upon 28 U.S.C. §1331 and 1343(1), (3), and (4).  The Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. §1367.

1

## I.     PARTIES

1. Plaintiff Michael Smith ("Smith") is a resident citizen of Mobile County, Alabama, and at the time of his unlawful termination on September 12, 2016, Smith was a Mobile County Merit System Employee, working as a police officer for the City of Mobile.

2. Defendant City of Mobile ("City") is the employer of classified workers such as Smith, and is covered by the Mobile County Merit System. Additionally, the City of Mobile is a municipality organized and operating pursuant to the Laws of the State of Alabama.

3. The City is the "Appointing Authority" as defined by merit system rules, and is charged with adhering to the Rules and Regulations of the Mobile County Personnel Board.

4. Defendant Sandy S. Stimpson is the Mayor of the City of Mobile, and as such, acts as the official charged with the final decision-making authority on behalf of the City regarding Classified Merit System employees in all personnel matters including hiring, promotion, demotion, suspension, and termination decisions.

5. Mayor Stimpson is also the city official charged with the duty of complying with the mandatory and non-discretional provisions of the Mobile County Personnel Board Rules. In this role, Defendant Stimpson is a "state actor" and all personnel decisions made by Stimpson on behalf of the City are made under "color of law".

6. Defendant Donald Dees ("Dees") is the Personnel Director for the Mobile County Personnel Board ("MCPB"), as that title is defined under the enabling Act creating the MCPB. At all times pertinent to this case, all decisions, actions and inactions by this Defendant regarding personnel issues affecting Smith were done under color of law. This Defendant knowingly failed to adhere to his non-discretionary statutory duties. This Defendant is sued in his official and individual capacities.

7. Defendant Mobile County Personnel Board (MCPB) serves as the administrative entity that oversees and enforces Local Acts 470 of the 1939 Acts that created various Personnel Boards within the State of Alabama, including the Mobile County Personnel Board, which is charged with administering "the Act" as it respects Mobile County Merit System employees. The MCPB is charged with administrating and ensuring adherence to its Rules and Regulations which carry the force of law. This Complaint seeks injunitive and such other relief as may be available against the Mobile County Personnel Board (non-monetary damages).

## II. FACTUAL STATEMENT

8. Plaintiff Smith was at all times pertinent to this action a merit system employee with all terms of his employment covered by the Rules and Regulations of the MCPB. By virtue of this status, Smith had a protected property right interest in his employment, which could not be deprived without due process of law.

9. Smith is a resident of Mobile County, Alabama, and was previously employed by the Police Department of the City of Mobile Police until his unlawful termination on September 12, 2014.

10. Based on the Rules of the MCPB, classified employees enjoy a protected property right interest in continued employment that cannot be abridged without "Due Process of Law".

11. Section XXVI of the Act states in relevent part: "No informality in any proceedings or in the manner of taking testimony by the Board shall invalidate any order, decision, rule, or regulation made by the Board, provided, however, that the Constitutional rights of no individual shall be abridged."

12. Section IX(b) of the Act states: "Rules adopted under this section shall have the force and effect of law".

13. On or about August 29, 2014, Smith received a Police Department Disciplinary Trial Board Notice informing him of a "non-adversary Administrative Trial Board Hearing" scheduled for September 3, 2014.

14. Smith was not informed that a "pre-disciplinary hearing" would be convened on that specific date as procedurally required by Mobile County Personnel Board Rule 14.3(a).

15. Mobile County Personnel Board Rule 14.3(a) grants an employee the right to provide a verbal or written statement. Rule 14.3(a) states in its entireity:

> PROCEDURE. 14.3(a) Before any permanent employee is dismissed, suspended or demoted for cause, the Appointing Authority or his designated representative shall afford the employee due process in the form of a pre-disciplinary hearing. Written notice of the reasons for termination, suspension or demotion must be given the employee at least twenty-four (24) hours prior to the pre-disciplinary hearing, at which time the employee must be given the opportunity to respond orally and/or in writing to the charges made before the official, or the designated representative of the official, charged with the responsibility of making the disciplinary decision. The pre-disciplinary hearing must be held within seven (7) days after written notice to the employee. The determination as a result of the pre-disciplinary hearing must be communicated to the employee in writing within fourteen (14) days of the hearing. Circumstances that prevent adherence to these timeframes must have approval of the Director. The dismissal, suspension or demotion of an employee by an Appointing Authority without having first accorded the employee a pre-disciplinary hearing in accordance with this Rule shall be void and of no force and effect, and shall not be recognized by the Board, except in extraordinary situations as hereinafter specified.

16. The Trial Board Notice disclosed that only a "verbal statement" would be allowed, and Smith was therefore, unaware a "written statement" would be accepted. Smith

also unstood his attendance was required based on the wording of the notice received and that he would be required enter "a plea".

17. The "Trial Board Notice" did not state that the offering of a verbal statement would subject Smith to "cross-examination" on a wide field of topics by the hearing panel and the Mobile Police Department's legal advisor, but that is exactly what occurred at the hearing.

18. Contrary to the "Rules" of the MCPB, Smith was not allowed to remain present in the hearing room when adverse witnesses were called by the City to testify against him.

19. The MCPB has recently reinstated classified employees of the City of Mobile, when the terminated employees were not allowed to confront witnesses against them by being directed to exit the hearing room during such testimony.

20. The Trial Board Notice indicated that Smith had a due process right to advise the City's legal advisor within three days of notice if he (Smith) desired to call witnesses to testify on his behalf.

21. The Monday after service of the Notice of hearing was a "holiday" and the legal advisor nor the hearing panel allowed Smith time to present his list of witnesses.

22. The legal advisor also never supplied Smith with a list of witnesses the City planned to call to testify against him.

23. Smith was never presented with the evidence or statements of those witnesses called by the City prior to the mayor terminating his employment based on the "investigative facts" as determined by that "investigative" administrative hearing board.

24. Smith was never provided a copy of the Trial Board Hearing prior to his termination, and there has been no testimony from Mayor Stimpson provided at any administrative proceeding confirming that the mayor actually signed the termination letter, and

stating what facts he actually based his termination decision upon.

25. Upon information and belief the City of Mobile has used a signature machine in the past to affix the mayor's "signature" to termination letters.

26. Upon information and belief the mayor did not read or hear the testimony given at the Trial Board Hearing prior to terminating Smith's employment.

27. Smith was not afforded a "meaningful opportunity" to address the final decision-maker, or afforded an opportunity to offer his side of the story against whatever evidence was offered outside of Smith's presence at the hearing.

28. This evidence offered outside of Smith's presence subsequently became the bases for the recommendation of termination made by the Trial Board, to the Chief of Police, and then to the mayor.

29. While employed by the Mobile Police Department, Smith never received any training respecting the Rules of the Mobile County Personnel Board (MCPB), but yet Smith was charged with violating those Rules, wherein subsequently, the Mobile County Personnel Board upheld Smith's termination based on those "Rules".

30. The September 12, termination letter confirms that a "non-adversary Trial Board" occurred on September 3, 2014, rather than a "pre-disciplinary hearing" in accordance with the due process provisions of MCPB Rule 14.3(a) and the due process protections stated in the "Trial Board Notice".

31. The termination letter acknowledges that only a "recommendation" was made to the Chief of Police by the three (3) member "non-adversary Trial Board" and the Chief of Police in turn made only a "recommendation" to the mayor.

32. Without contradiction, the termination letter confirms that neither the Trial Board or the police chief made the final decision of termination.

33. The mayor admits that neither the Trial Board or the police chief was the designated representative of the Appointing Authority, and neither the Mayor nor the Chief of Police attended the Trial Board hearing.

34. The Trial Board hearing was not a MCPB Rule 14.3(a) pre-disciplinary hearing, and the mayor admits to not knowing anything about what transpired in the "adversary hearing" as actually conducted.

35. Defendant Dees was not informed of the City's decision to terminate in advance of the actual termination notice to Smith

36. Smith submitted a notice of appeal of his termination to the MCPB on September 12, 2014.

37. A post-deprivation hearing was held before the Mobile County Personnel Board on November 13, 2014, and during that hearing, Smith was again denied his right to cross-examine an indispensible witness - Mayor Stimpson – regarding the decision to terminate his employment.

38. At no time during Smith's MCPB post-deprivation hearing did Defendant Dees testify or certify as to the non-discretional duties imposed upon him by the Rules and Regulations of the Mobile County Personnel Board or if he had in fact complied with their direction.

39. MCPB Rules state that a post-deprivation hearing cannot take place without compliance with Rule 14. Rule 14 places certain legal obligations on the Personnel Director separate and apart from the Personnel Board.

40. Since the Personnel Board issued a ruling upholding Smith's termination, the MCPB issued its decision with full knowledge of the legal responsibilities and mandated obligations under its enabling Act.

41. The Mobile County Personnel Board hearing concluded on November 13, 2014. By its own Rules, the MCPB is required to issue a decision within 14-days of that hearing.

42. The Personnel Board signed off on its decision on December 1, 2014, with only three of the five Personnel Board members signing the decision upholding termination.

43. Smith did not received a copy of the decision until December 3, 2014, when an agent for the Personnel Board sent Smith a copy of the decision by e-mail.

44. Not only is December 3, 2014 more than 14 days from the date of the November 13, 2014 hearing, but the Alabama Court of Civil Appeals has recently ruled that e-mail notice to be ineffective notice when filing an appeal to the MCPB or to the Circuit Court.

45. Smith obtained different legal representation to press his Appeal to the Circuit Court from the adverse decision issued by the Personnel Board.

46. Smith's counsel filed the notice of appeal directly with the Mobile County Circuit Court, and also served a copy on the MCPB at their offices on December 12, 2014.

47. Smith's counsel obtained a time-stamped copy of the Notice of Appeal filed with the Circuit Court Clerk's office, and a time-stamped copy of the notice served on the MCPB.

48. The MCPB moved to dismiss the Complaint filed in Circuit Court, which was granted – even though the MCPB in not an "interested party" to an appeal taken from one of its own decisions, according to the Alabama Court of Civil Appeals.

49. In the Circuit Court case, the MCPB denied ever being served the notice of appeal, and did so again at the appellate level.

50. The MCPB has been furnished a copy of their own time-stamp indicating service on December 12, 2014.  The MCPB and City deny the existence of service.

51. Even after repeated demands, the MCPB and the Personnel Director have refused to process Smith's timely filed notice of appeal personally served on December 12, 2014, denying him his constitutional and statutory rights and causing Smith great economic and emotional harm.

### III. CAUSES OF ACTION

### COUNT ONE

### VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

52. By terminating Plaintiff Smith without following mandatory and non-discretionary merit system "due process procedures", Defendants deprived Plaintiff of his property right interest in his job as a county merit system employee without due process of law.  As such, the "termination" violated the due process clause of the Fourteenth Amendment, made actionable by 42 U.S.C. Section 1983.

### COUNT II

### VIOLATION OF SECTION XXXIV OF THE LOCAL ACTS; VIOLATION OF MOBILE COUNTY PERSONNEL BOARD RULES STATUTORY DUE PROCESS VIOLATIONS

53. By denying Plaintiff Smith mandatory and non-discretionary Mobile County Merit System "due process procedures", the Defendants jointly deprived Plaintiff of his property interest in his employment as a merit system employee without due process of law.  As such, the "termination" violated the Mobile County Personnel Board Rules possessing force and effect of law.

## COUNT III

### DONALD DEES and SANDY STIMPSON'S INTENTIONAL VIOLATION OF SECTION XXXIV OF THE LOCAL ACTS, THE RULES OF THE MOBILE COUNTY PERSONNEL BOARD
### STATUTORY DUE PROCESS VIOLATIONS

54.     Defendants' Dees, Sandy Stimpson and the Mobile County Personnel Board intentionally denied Plaintiff Smith his due process right to a fair disciplinary hearing in clear violation of MCPB Rule 43.3(a) by serving him with an inadequate notice of hearing, and in the conduct of the hearing itself by denying Smith the right to call witnesses of his choose, and to confront witnesses called by the City.  All in violation of the due process clause of the Fourteenth Amendment made actionable by 42 U.S.C. Section 1983, and Alabama Statutory Law.

## COUNT IV

### DONALD DEES and the MCPB'S INTENTIONAL VIOLATION OF SECTION XXXIV OF THE LOCAL ACTS, THE RULES OF THE MOBILE COUNTY PERSONNEL BOARD
### STATUTORY DUE PROCESS VIOLATIONS

55.     Defendants' Donald Dees and the Mobile County Personnel Board intentionally denied Plaintiff Smith his due process right to appeal the termination decision issued by the City refusing to recognize and process the timely appeal filed on December 12, 2014, all in violation of the due process clause of the Fourteenth Amendment made actionable by 42 U.S.C. Section 1983, and Alabama's Constitution and Statutory Law.

## COUNT V

## DONALD DEES and the MCPB'S INTENTIONAL VIOLATION OF SECTION XXXIV OF THE LOCAL ACTS, THE RULES OF THE MOBILE COUNTY PERSONNEL BOARD
## STATUTORY DUE PROCESS VIOLATIONS

56. Defendants' Donald Dees and the Mobile County Personnel Board intentionally denied Plaintiff Smith his Equal Protection rights by failing to grant him the same right as given to other employees, to confront witnesses at a duly impaneled pre-disciplinary hearing, by refusing Smith's effort to call indispensable witnesses at his pre-disciplinary hearing and his appeal hearing before the MCPB, and denying his right to appeal the termination decision to the circuit court by refusing to recognize and process the timely appeal filed on December 12, 2014, all in violation of the equal protection clause of the Fourteenth Amendment made actionable by 42 U.S.C. Section 1983, and Alabama's Constitution and Statutory Law.

## PRAYER FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff Smith seeks judgment against the named Defendants as follows:

a. Declare that the actions of the Defendants, jointly and severally, as set out above, constitute a violation of Plaintiff's Constitutional and Statutory rights to be free from the deprivation of his property interest in his employment without due process of law, and without the equal protection under the law, and Alabama statutory law as set out in each Count listed above;

b. Declare the actions of the Defendants to be in violation of MCPB Rule 14.3(a), in that under the stated facts set out above, the Defendant City of Mobile failed to provide a

pre-disciplinary procedure as required by State Law, and to permanently enjoin the City of Mobile and the Mobile County Personnel Board from such unlawful action in the future;

c. Permanently enjoin the Personnel Board and its Director, to enforce its own non-discretional Rules in ensuring full compliance with all due process procedures set out in the Rules of the MCPB, and to find that the Personnel Director failed to discharge his non-discretional duties as imposed by such Rules and Laws;

d. Permanently enjoin the Personnel Board and its Director, to enforce its own non-discretional Rules processing all timely filed appeals of adverse employment action in compliance with all Rules of the MCPB, and to find that the Personnel Director failed to discharge his non-discretional duties in this respect as imposed by such Rules and Laws;

e. Directing the City of Mobile and its mayor to expunge the Plaintiff's personnel file of all references to all charges and unlawful actions giving rise to these due process and equal protection violations;

f. Award to Plaintiff Smith compensatory damages of $500,000.00 against the individual Defendants, Stimpson and Dees, jointly and severally;

g. Award Plaintiff the maximum allowed under Alabama Municipal liability law;

h. Award Plaintiff punitive damages against Defendant Dees and Stimpson for their malicious and spiteful pattern of due process violations, equal protection violations, and retaliation taken against Plaintiff for seeking to enforce his due process protections, among others stated herein;

i.  Award Plaintiff a reasonable attorney's fee pursuant to 42 U.S.C. §1988, and such other costs and expenses in bringing this action; and,

j.  Order such other and further relief to which Plaintiff Smith may be entitled to in law and equity, including any declaratory relief, which may be appropriate to these facts and circumstances.

**Trial by jury requested.**

S/Ronnie L. Williams (WILLR6024)
814 St. Francis Street
Mobile, AL 36602
(251) 432-6985   (251) 432-6987 (facsimile)
rwilliams@williams-llc.com

s/Carroll J. Ogden
Carroll J. Ogden (OGDEC5738)
Post Office Box 851133
Mobile, AL 36685-1133
(251) 689-9743  (251) 633-9904 (Fax)
carrollogden1@yahoo.com
carrollogdenlaw@gmail.com

Attorneys for Plaintiff Michael Smith
