## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL SMITH,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 16-00478-N** |
| | ) | |
| **CITY OF MOBILE,** *et al.*, | ) | |
| **Defendants.** | ) | |

## ORDER

This action is before the Court on the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 18) and supporting memorandum (Doc. 19) filed by Defendant Sandy S. Stimpson.   Plaintiff Michael Smith has timely filed a response to the motion.   Stimpson has not filed a reply to the response, and the time to do so has expired.   (*See* Doc. 21).   Thus, the motion is now under submission and is ripe for disposition.[1]

In his five-count complaint (Doc. 1), Smith, a former police officer for the Defendant City of Mobile ("the City"), asserts claims under 42 U.S.C. § 1983 and Alabama law for alleged deprivations of various rights during his termination proceedings.   Stimpson first claims that he is being sued "exclusively in his *official* capacity" as the City's mayor.   (Doc. 19 at 2 (emphasis in original).   *See also id.* at 3 ("… Mayor Stimpson is named as a Defendant *solely* in his official capacity as Mayor…")).   In his response, Smith asserts that he is suing Stimpson both individually and in an official capacity.   The Complaint supports Smith's assertion.

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 27, 28).

While the body of the Complaint does not specify in what capacity Stimpson is being sued, as it does with Defendant Donald Dees, (*see* Doc. 1 at 2, ¶ 6), the style includes Stimpson as a defendant both "individually and as Mayor of the City of Mobile…" (Doc. 1 at 1).[2]

Stimpson next argues that the official capacity claims against him are due to be dismissed because "a plaintiff cannot pursue claims against a municipal officer in his/her official capacity." (Doc. 19 at 2). This is an incorrect statement of law. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 n.55 (1978) ("Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent—at least where Eleventh Amendment considerations do not control analysis—our holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name."); *Ala. Mun. Ins. Corp. v. Allen*, 164 So. 3d 568, 576 (Ala. 2014) (per curiam) ("[C]laims that are brought against municipal employees *in their official capacity* are also, as a matter of law, claims against the municipality.").

It is true that, "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond)." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (per curiam). *See also Kentucky v.*

---

[2] The style misspells Stimpson's last name as "Simpson," though it is spelled correctly throughout the body of the Complaint.

*Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief." (internal citation omitted)).    Here, the City has also been named as a defendant and has answered the complaint.    (*See* Doc. 17).    However, simply because the official capacity claims against Stimpson are redundant of those against the City does not mean they "fail[] to state a claim upon which relief can be granted" so as to justify dismissal under Rule 12(b)(6).    Accordingly, Stimpson's Rule 12(b)(6) motion to dismiss (Doc. 18) is **DENIED**.

In his response, Smith moves to voluntarily dismiss his official capacity claims against Stimpson while continuing to litigate the individual capacity claims. (Doc. 24 at 2).    However, that motion is also **DENIED**.    While Federal Rule of Civil Procedure 41(a) permits voluntary dismissal, that " 'Rule speaks of voluntary dismissal of "an action," not a claim.' *State Treasurer v. Barry*, 168 F.3d 8, 19 n.9 (11th Cir. 1999). Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Id.* (quotation omitted).    However, permitting Smith to amend his complaint simply to drop his official capacity claims against Stimpson would accomplish little at this juncture,[3] as Stimpson would

---

[3] The time for Smith to amend his pleading once as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) has expired.    Thus, Smith may now only amend his complaint "with the opposing party's written consent or the court's leave."    Fed. R. Civ. P. 15(a)(2).

remain a party to this action in his individual capacity.

Under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."   Dropping the City of Mobile as a defendant would serve to reduce the number of named parties in this action while functionally preserving Smith's claims against the City through the official capacity claims against Stimpson.   *Cf. Busby*, 931 F.2d at 776 ("To keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury. We therefore AFFIRM the district court's decision to grant a directed verdict in favor of Walsh, Mays, Paden, and Noble as officially named defendants, because the City of Orlando remained as a defendant.").   Upon consideration, any party opposed must show cause in writing, to be filed and served no later than **Monday, February 6, 2017**, why the Court should not drop the City of Mobile as a defendant under Rule 21.

**DONE** and **ORDERED** this the 27th day of January 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**