IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL SMITH, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CITY OF MOBILE, *et al.*, )<br>    Defendants. ) | CIVIL ACTION NO. 16-00478-N |

## ORDER

This action is before the Court on the motion to dismiss Count V of the complaint (Doc. 22) filed by Defendants Donald Dees and the Mobile County Personnel Board (hereinafter, "the Board Defendants"). As noted previously (*see* Doc. 23), because these Defendants had already served answers (Docs. 12, 13) prior to the filing of the present motion, the undersigned construes the motion as one for judgment on the pleadings brought under Federal Rule of Civil Procedure 12(c), rather than as one to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before a pleading if a responsive pleading is allowed."); *Lillian B. ex rel. Brown v. Gwinnett Cty. Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015) (explaining that pleadings are closed for purposes of Rule 12(c) "when a complaint and answer have been filed"). Plaintiff Michael Smith has not filed any response, and the time to do so has expired. (*See* Doc. 23). Thus, the unopposed motion is now under submission and is ripe for disposition.[1]

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 27, 28).

"Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law. When reviewing judgment on the pleadings, [the Court] must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999) (citation omitted).[2]

In his five-count complaint (Doc. 1), Smith, a former police officer for the City of Mobile, asserts claims under 42 U.S.C. § 1983 and Alabama law for alleged deprivations of various rights during his termination proceedings. Count V, directed only at the two Board Defendants, claims that they deprived him of his rights under the Equal Protection Clauses of both the Alabama Constitution and the Fourteenth Amendment to the United States Constitution "by failing to grant him the same right as given to other employees, to confront witnesses at a duly impaneled pre-disciplinary hearing, by refusing Smith's effort to call indispensable witnesses at his pre-disciplinary hearing and his appeal hearing before the MCPB, and denying his right to appeal the termination decision to the circuit court by

---

[2] The Court may not grant judgment on the pleadings merely because the motion is unopposed, but must instead consider its merits. *Cf. United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(c) (emphasis added). Thus, the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."); S.D. Ala. CivLR 7(c) ("Failure to file a brief in opposition to any motion, **other than one under Fed. R. Civ. P. 12(b) or 56**, may be sufficient cause to grant the motion." (emphasis added)).

refusing to recognize and process the timely appeal filed on December 12, 2014…" (Doc. 1 at 11).

> The Equal Protection Clause of the Fourteenth Amendment generally requires government entities to treat similarly situated individuals alike. *Campbell v. Rainbow City, Ala.,* 434 F.3d 1306, 1313 (11th Cir. 2006). In a traditional employment case brought under the Equal Protection Clause, an employee asserts that he was discriminated against on account of his membership in an identifiable or protected class, such as race, religion, sex, or national origin. *See Engquist,* 553 U.S. at 594–95, 128 S. Ct. 2146; *Sweet v. Sec'y Dep't of Corr.,* 467 F.3d 1311, 1318–1319 (11th Cir. 2006) (noting a plaintiff typically must allege that he was treated differently "based on race, religion, national origin, or some other constitutionally protected basis" to establish an equal protection claim). In a "class of one" equal protection claim, however, a plaintiff does not allege discrimination against a protected class or on account of membership in a particular group, but rather, asserts that he has been treated differently from others similarly situated for arbitrary or irrational reasons. *See Engquist*[ *v. Or. Dep't of Agric.*], 553 U.S. [591,] 595–97, 128 S. Ct. 2146[ (2008)]; *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n,* 558 F.3d 1301, 1306 (11th Cir. 2009).

*Alford v. Consol. Gov't of Columbus, Ga.*, 438 F. App'x 837, 839 (11th Cir. 2011) (per curiam) (unpublished).

Nowhere does Smith's complaint allege that he has been discriminated against on account of membership in a protected class. Moreover, the United States Supreme Court has held that the "class of one" theory of equal protection "has no place in the public employment context." *Engquist*, 553 U.S. at 594. *See also id.* at 605 ("[T]he Equal Protection Clause is implicated when the government makes class-based decisions in the employment context, treating distinct groups of individuals categorically differently … But we have never found the Equal

Protection Clause implicated in the specific circumstance where … government employers are alleged to have made an individualized, subjective personnel decision in a seemingly arbitrary or irrational manner.").[3]  Thus, Smith's pleading fails to state a viable federal Equal Protection claim, and judgment is due to be granted on that claim as a matter of law.

As for Count V's Alabama Equal Protection claim, it is debatable whether Alabama's constitution even contains an Equal Protection Clause.  *See Hutchins v. DCH Reg'l Med. Ctr.*, 770 So. 2d 49, 59 (Ala. 2000) (per curiam) ("The question whether §§ 1, 6, and 22 of Article I, Constitution of Alabama 1901, combine to guarantee the citizens of Alabama equal protection under the laws remains in dispute." (3 justices concurring)); *Marsh v. Green*, 782 So. 2d 223, 236 n.3 (Ala. 2000) (Cook, J., concurring in part and dissenting in part); *Dyas v. City of Fairhope*, Civil Action No. 08-0232-WS-N, 2010 WL 5477754 (S.D. Ala. Dec. 30, 2010) (Steele, C.J.) (discussing the uncertainty in the law).  Nevertheless, both this Court and the Alabama appellate courts have found that, even assuming Alabama's constitution does contain an equal protection provision, an Alabama "equal protection claim … is subject to the same analysis as [a] federal equal protection claim."  *Dyas*, , 2010 WL 5477754, at *3 (citing *Plitt v. Griggs*, 585 So. 2d 1317, 1324-25 (Ala. 1991)).  *See also Hutchins*, 770 So. 2d at 59 ("Even relying on that line of cases holding that the Alabama Constitution *does* provide for equal protection, we would still conclude

---

[3] The prohibition announced in *Engquist* applies categorically to the public employment context, "regardless of whether the aggrieved is an at-will employee or subject to statutory protection from wrongful discharge."  *Alford*, 438 F. App'x at 840.

that the statute the plaintiff challenges does not violate that constitution. The plaintiff states no reason, and we are aware of no reason, that our analysis of the plaintiff's equal-protection issue raised under the United States Constitution should not be equally applicable to her equal-protection issue raised under the Alabama Constitution." (3 justices concurring)); *Duran v. Buckner*, 157 So. 3d 956, 973 n.3 (Ala. Civ. App. 2014) ("In *Ex parte Melof*, 735 So. 2d 1172, 1181, 1186 (Ala. 1999), our supreme court stated that the Constitution of Alabama of 1901 contains no Equal Protection Clause and Alabama does not have an equal-protection provision equivalent to that in the 14th Amendment of the United States Constitution. Although it has been questioned whether those statements are holdings in the case, any state equal-protection claim is subject to the same analysis as a federal equal-protection claim. *Dyas v. City of Fairhope*, (Civil Action No. 08–0232–WS–N, Dec. 30, 2010) (S.D. Ala. 2010) (not reported in F. Supp. 2d). Accordingly, we construe all the plaintiffs' equal-protection claims pursuant to the analysis applicable to a federal equal-protection claim. *See Plitt v. Griggs*, 585 So.2d 1317, 1324–25 (Ala. 1991) (applying analysis applicable to federal equal-protection claim to a state equal-protection claim)."). Thus, assuming that Alabama law permits such a claim, Smith's claim for Equal Protection under Alabama's constitution fails for the same reasons his federal claim fails.[4]

---

[4] Smith also appears to assert an equal protection claim under "Alabama's … statutory law."  (Doc. 1 at 11).  Smith's complaint does not cite any specific statute on which to base such a claim, nor has Smith attempted to justify such a claim by way of a response to the present motion, and the Court is unaware of any authority supporting such a claim.  Accordingly, to the extent Smith is asserting an Alabama

Accordingly, it is **ORDERED** that the Board Defendants' motion for judgment on the pleadings (Doc. 22) is **GRANTED** and that Count V of the Complaint is **DISMISSED with prejudice** under Federal Rule of Civil Procedure 12(c).

**DONE** and **ORDERED** this the 27th day of January 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

statutory equal protection claim, judgment on the pleadings is due to be granted on that claim as well.