# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL SMITH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 16-00478-N |
| | ) | |
| CITY OF MOBILE, *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

This action is before the Court on the motion to partially dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (Doc. 43) filed by Defendants the Mobile County Personnel Board ("the Board"); Liana Barnett, who is being sued in her official capacity as the Board's Personnel Director; and Donald Dees, who is being sued in his individual capacity.[1] (collectively, "the Board Defendants"). Plaintiff Michael Smith has filed a response (Doc. 46-1) in opposition to the motion, and the Board Defendants have filed a reply (Doc. 48) to the response. The motion is now under submission (*see* Doc. 47) and is ripe for disposition. Upon consideration, the Court finds that the motion (Doc. 4) is due to be **GRANTED in part** and **DENIED in part**.[2]

---

[1] At the time this suit was filed, Dees was Personnel Director and was also sued in that official capacity. However, on November 22, 2016, Dees filed notice that he had resigned from his position with the Board effective October 1, 2016, and that Barnett has replaced him as Personnel Director. (Doc. 14). Thus, Barnett, as Dees's successor, was automatically substituted as a party for the official capacity claims against the Personnel Director. *See* Fed. R. Civ. P. 25(d). The Clerk of Court is **DIRECTED** to update the style of the docket accordingly.

[2] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 27, 28).

## I. STANDARD OF REVIEW

Count IV of the complaint alleges claims against only the Board Defendants. (Doc. 1 at 10). These Defendants have moved to dismiss Count IV for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine, *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which "makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). "[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Because the present motion raises a "factual challenge to subject matter jurisdiction, a district court can consider extrinsic evidence…In so doing, a district court is free to weigh the facts and is not constrained to view them in the light most favorable to the plaintiff." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013) (quotations omitted).

## II. BACKGROUND

Smith's complaint raises state and federal law claims arising from his termination from employment as a police officer with the City of Mobile, Alabama.[3] Smith was terminated by the City of Mobile on September 12, 2014. Because he was a classified merit system employee, Smith was entitled to appeal that decision to

---

[3] The City of Mobile was initially named a party defendant to this action but has been since dropped as a party. (*See* Doc. 34). Defendant Sandy Stimpson, sued in both his individual and official capacities, is the City's mayor, and has served as such at all times relevant to the claims in this action.

the Board.[4] After holding an appeal hearing, at which Smith was represented by counsel, the Board upheld Smith's termination by order issued December 1, 2014 (Doc. 41-10). Smith, through different counsel, attempted to appeal that decision to the Circuit Court of Mobile County, Alabama, by filing a complaint/notice of appeal (Doc. 41-11) with the circuit court on December 12, 2014, pursuant to § XXXIV of Act No. 470, Local Acts of 1939, as amended by Act No. 2004–105, Ala. Acts 2004 ("Local Act 470"), which states as follows:

> COURT PROCEEDINGS: Orders of the Personnel Director and Personnel Board may be enforced by mandamus, injunction, quo warranto, or other appropriate proceedings in a court of competent jurisdiction. Any person directly interested, within 14 days, may appeal to the Circuit Court of Mobile County from any order of the board, by filing notice thereof with the board, whereupon the board shall certify to a transcript of the proceedings before it and file the same in court. Only findings of fact of the board contained in the transcript, if supported by substantial evidence adduced before the board or before its Personnel Director after hearing and upon notice to the interested party or parties, and after affording the parties an opportunity to be heard, shall be conclusive on appeal. The issues on appeal shall be made up under the direction of the court within 30 days after the transcript is filed therein, and the trial shall proceed on the evidence contained in the transcript, if it appears therefrom that the evidence was taken after such notice and opportunity to be heard. If upon appeal, the court finds that the ruling, order, or action appealed from is unlawful or unreasonable within the meaning of this act, the court shall vacate or modify the same.

(Doc. 41-3 at 25 – 26).

The Board moved to dismiss the circuit court appeal, claiming that Smith had failed to perfect his appeal "by filing notice thereof with the board" within 14 days of

---

[4] At all times relevant to the claims in this action, Defendant Dees was the Board's Personnel Director. (*See* Doc. 1 at 2, ¶ 6).

the Board's decision as required by § XXXIV of Local Act 470. (Doc. 41-13). After holding oral argument on May 15, 2015, the circuit court entered an order on May 26, 2015, summarily granting the Board's motion to dismiss. (Doc. 41-14).

Smith appealed that decision to the Alabama Court of Civil Appeals, which affirmed the circuit court's dismissal in a published opinion issued January 8, 2016. *See* (Doc. 41-15); *Smith v. City of Mobile*, 203 So. 3d 885 (Ala. Civ. App. 2016). In doing so, the Court of Civil Appeals expressly determined: "[T]he Board entered its order on December 1, 2014; therefore, the last day that Smith could have filed a notice of appeal with the Board was December 15, 2014. There is nothing included in the record on appeal indicating that the Board was served before December 18, 2014…It is clear from the language of § XXXIV that, in order to effectuate an appeal from a decision of the Board, the *Board* must be served within 14 days of the date on which it rendered its decision. It is also clear from the record before us that, in the present case, the Board was not served until at least December 18, 2014, more than 14 days after the entry of the Board's December 1, 2014, order…Because Smith's failure to serve the Board pursuant to § XXXIV precluded the trial court from acquiring subject-matter jurisdiction over this action, we conclude that the trial court appropriately dismissed Smith's complaint." *Smith*, 203 So. 3d at 886-87.[5]

---

[5] The Board's motion to dismiss further requested that the circuit court affirm its December 1, 2014 order (*see* Doc. 41-13), and the circuit court's order granting the motion also summarily affirmed the Board's order (*see* Doc. 41-14). In a footnote, the Court of Civil Appeals observed: "To the extent that Smith argues that the trial court erred by stating in its order that the Board's December 1, 2014, order was affirmed, we note that the dismissal of Smith's appeal to the trial court does, in fact, result in the Board's order remaining effective. Therefore, any language indicating that the trial court affirmed the Board's order is mere surplusage." *Smith*, 203 So. 3d at 887 n.2.

The Court of Civil Appeals appeared to agree with Smith that the Board was not a proper party to the circuit court action. *See Smith*, 203 So. 3d at 887 & n.1.

In a footnote, the Court of Civil Appeals further observed: "To the extent that Smith argues that the trial court erred by stating in its order that the Board's December 1, 2014, order was affirmed, we note that the dismissal of Smith's appeal to the trial court does, in fact, result in the Board's order remaining effective. Therefore, any language indicating that the trial court affirmed the Board's order is mere surplusage." *Id.* at 887 n.2.

Smith filed an application for rehearing with the Court of Civil Appeals, which denied the application on March 4, 2016. *See Smith v. City of Mobile*, 203 So. 3d 885 (Ala. Civ. App. 2016), *reh'g denied* (Mar. 4, 2016). Smith did not seek certiorari review with the Alabama Supreme Court, and the last day for him to do so was March 18, 2016. *See* Ala. R. App. P. 39(b)(3) ("If an application for rehearing has been filed with the Court of Civil Appeals, the petition for the writ of certiorari shall be filed within 14 days (2 weeks) of the decision of that court on the application for rehearing."). Smith filed the present complaint on September 8, 2016. (Doc. 1).

### III. ANALYSIS

"[T]he *Rooker–Feldman* doctrine…'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' " *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The

---

Nevertheless, it determined that "the manner in which the trial court discovered that Smith had not timely served the Board matters not," since "subject-matter jurisdiction cannot be waived and may be raised at any time, even for the first time on appeal." *Id.* at 886-87. *See also* Ala. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties **or otherwise** that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added)).

doctrine bars the losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

Given his unsuccessful attempt to appeal his termination to the Alabama courts, Smith is a "state-court loser." Because Smith did not attempt to seek review of the Court of Civil Appeals's decision with the Alabama Supreme Court, and because the time to do so expired almost six months before the present complaint was filed, his state court proceedings have ended for purposes of applying the doctrine. *Nicholson*, 558 F.3d at 1275 (for *Rooker-Feldman* to apply, "the federal action must be filed after the state proceedings have ended…"); *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013) ("[S]tate court proceedings end for *Rooker– Feldman* purposes[,]" *inter alia*, "if the state action has reached a point where neither party seeks further action…" (quotation omitted)).

"The doctrine applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment. It does not apply, however, where a party did not have a reasonable opportunity to raise his federal claim in state proceedings. A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Casale*, 558 F.3d at 1260 (11th Cir. 2009) (citations and quotations omitted). The federal claims in Count IV, alleging that "Defendants' Donald Dees and the Mobile County Personnel Board intentionally denied Plaintiff Smith his due process right to appeal the termination decision

issued by the City refusing to recognize and process the timely appeal filed on December 12, 2014, all in violation of the due process clause of the Fourteenth Amendment made actionable by 42 U.S.C. Section 1983…" (Doc. 1 at 10), are inextricably intertwined with the state court judgment because "it succeeds only to the extent that the state court wrongly decided" that Smith had failed to timely file with the Board a notice of appeal of his termination proceedings.

Smith's arguments to the contrary (*see* Doc. 46-1) are unavailing. He argues that the Court of Civil Appeals only addressed whether the Board "had been served by the Circuit Clerk's office" when he filed his complaint/notice of appeal there and "never addressed [his] separate Notice of Appeal filed directly on MCPB and Dees as of December 12, 2014." (Doc. 46-1 at 1).[6] This is inaccurate, as the record reflects Smith raised that argument at least in his application for rehearing (*see* Doc. 43-1 at 9 ("Smith filed a Complaint on December 12, 2014…and 'additionally filed' an appeal 'notice thereof' <u>directly</u> on the Mobile County Personnel Board on the same date – December 12, 2014…"), 22 ("This Counsel did argue and expose the fact often within his Post-Judgment Motion that Smith had separately and 'directly' filed 'notice thereof' on the Personnel Board about ½ after filing the Complaint in the Circuit Court…"), which the Court of Civil Appeals denied.[7] Therefore, in order to find for Smith on the federal claims in Count IV, this Court would have to determine that

---

[6] As Smith claims, "the Personnel Board and Dees did not acknowledge that they had in fact been served on December 12, 2014 or why they failed to process the notice of appeal that was directly and personally served on them." (Doc. 46-1 at 3).

[7] Smith's application for rehearing also represents that he raised this argument in prior state court proceedings. However, to the extent this argument was not raised prior to the application for rehearing, the record reflects that Smith had ample opportunity to raise it in both the circuit court (which held a hearing on the Board's motion to dismiss prior to granting it) and the Court of Civil Appeals.

the Court of Civil Appeals erred in finding that "the Board was not served until at least December 18, 2014, more than 14 days after the entry of the Board's December 1, 2014, order[,]" *Smith*, 203 So. 3d at 887, thus inextricably intertwining Count IV's federal claims with the state court judgment.

As such, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to consider the federal claims raised in Count IV. However, because the *Rooker-Feldman* doctrine only applies to federal claims, it does not deprive this Court of subject matter jurisdiction to hear the Count IV claims made under "Alabama's Constitution and Statutory law." (Doc. 1 at 10).

## IV. CONCLUSION

In accordance with the foregoing analysis, it is **ORDERED** that the Board Defendants' Rule 12(b)(1) motion to dismiss Count IV (Doc. 43) is **GRANTED** as to the federal claims in Count IV of the complaint, which are **DISMISSED without prejudice** for lack of subject matter jurisdiction, and is otherwise **DENIED** to the extent it seeks dismissal of state law claims asserted in Count IV.

**DONE** and **ORDERED** this the 5th day of July 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**