# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL SMITH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 16-00478-N |
| | ) | |
| CITY OF MOBILE, *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

This action is before the Court on the Motion for Summary Judgment under Federal Rule of Civil Procedure 56 (Doc. 39) and separate memorandum and exhibits in support (Docs. 40, 41) filed by Defendant Liana Barnett, who is being sued in her official capacity as the Board's Personnel Director, and Defendant Donald Dees, who is being sued in his individual capacity.[1] Plaintiff Michael Smith has timely filed a response (Doc. 45), supported by exhibits, in opposition to the motion, and the moving Defendants have timely filed a reply (Doc. 49) to the response. The motion is now under submission (*see* Doc. 42) and is ripe for disposition.

The motion simply moves for summary judgment on Smith's Complaint in general. However, Count V and the federal claims in Count IV have already been

---

[1] At the time this suit was filed, Dees was Personnel Director and was also sued in that official capacity. However, on November 22, 2016, Dees filed notice that he had resigned from his position with the Board effective October 1, 2016, and that Barnett has replaced him as Personnel Director. (Doc. 14). Thus, Barnett, as Dees's successor, was automatically substituted as a party for the official capacity claims against the Personnel Director, *see* Fed. R. Civ. P. 25(d), and the present motion is now deemed brought by her in this regard. As such, only official capacity claims are asserted against Barnett, while only individual capacity claims remain against Dees. To the extent it is needed, *see id.* ("The court may order substitution at any time, but the absence of such an order does not affect the substitution."), it is **ORDERED** that Liana Barnett is substituted for Dees as the party against whom the official capacity claims against the Personnel Director are asserted.

dismissed by previous orders and are no longer pending. (*See* Docs. 31, 50). Thus, the present motion is **MOOT** as to those claims. As to the remaining claims, the Court tentatively finds that the Motion for Summary Judgment (Doc. 39) is due to be is **GRANTED** on all remaining federal claims, but not for the reasons argued by Barnett and Dees. The Court further tentatively finds that, for the same reasons, summary judgment is due to be **GRANTED** in favor of all other Defendants on all remaining federal claims in the Complaint (Doc. 1). Because the Court finds that summary judgment is appropriate both for nonmovants and for grounds not raised by the movants, notice and a reasonable time to respond will be provided to the parties. *See* Fed. R. Civ. P. 56(f)(1)-(2).[2]

## I.    Applicable Legal Standards

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' if it might affect the outcome of the suit under governing law and it is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ave. CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) (quotations omitted). "Summary judgment is only appropriate if a case is 'so one-sided that one party must prevail as a matter of law.'" *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016) (quoting

---

[2] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 27, 28).

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (citation omitted). However, a " 'mere scintilla' of evidence is insufficient; the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009) (per curiam). In other words, "there must be enough of a showing that the jury could reasonably find for that party … Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quotations omitted).

"[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Jackson v. West*, 787 F.3d 1345, 1352 (11th Cir. 2015) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration adopted) (quotations omitted)). *See also Allen*, 121 F.3d 642, 646 (11th Cir. 1997) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." (quotations omitted)). "The Court 'must avoid weighing conflicting evidence or making credibility determinations.' " *Ave. CLO Fund*, 723 F.3d at 1294 (quoting *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000)). However, " 'an inference based on speculation and conjecture is not reasonable.' " *Id.* (quoting *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985)).

"Where…the non-moving party bears the burden of proof on an issue at trial, the moving party, in order to prevail, must do one of two things: show that the non-moving party has no evidence to support its case, or present 'affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial.' " *Hammer v. Slater*,

20 F.3d 1137, 1141 (11th Cir. 1994) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437–38 (11th Cir. 1991) (en banc)). "Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial." *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010). "For issues on which the non-moving party will bear the burden of proof at trial, the non-moving party must either point to evidence in the record or present additional evidence 'sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.'" *Hammer*, 20 F.3d at 1141 (quoting *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993)).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Four Parcels of Real Prop.*, 941 F.2d at 1438 (citations and quotations omitted).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or **(B)** showing that the materials cited do not

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Allen*, 121 F.3d at 646 (quotation omitted). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Id.* (quotation omitted). "Conclusory allegations and speculation are insufficient to create a genuine issue of material fact." *Valderrama v. Rousseau*, 780 F.3d 1108, 1112 (11th Cir. 2015) (citing *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.")).

## II. <u>Summary Judgment Factual Determinations</u>

Act No. 470, Local Acts of 1939, as amended by Act No. 2004–105, Ala. Acts 2004 ("Local Act 470") created the Mobile County Personnel Department ("MCPD") to "govern and control, by Civil Service rules, regulations and practices,…all individuals in the Classified Service" in Mobile County, Alabama. (*See* Doc. 41-3 at 3 – 4 [Local Act 470, §§ III – IV]). The MCPD is composed of three entities: a Supervisory Committee, a Personnel Board (hereinafter, "the Board"), and a Personnel Director. (*See id.* at 3 [Local Act 470, § III]). It is undisputed that, at all times material to this action, Dees served as MCPD's Personnel Director. Per Section VIII of Local Act 470, the Personnel Director serves as "executive head" of the Department and is tasked with directing and supervising "all of its administrative and technical activities." (Doc. 41-3 at 10).

Smith was employed as a police sergeant with the City of Mobile Police

Department, which was considered an MCPD "Classified Services" position. On August 29, 2014, the City of Mobile delivered a Disciplinary Trial Board Notice to Smith, setting forth various charges of malfeasance by Smith, providing a date for a "non-adversary Administrative Trial Board Hearing," and advising Smith of certain rights. (Doc. 41-5. *See also* Doc. 45-1 at 1, ¶ 2 [Smith Aff.]). The trial board hearing was held September 3, 2014 (*See* Doc. 41-6 at 1), with Smith attending and giving testimony (*see* Doc. 45-1 at 2 – 4). By notice dated September 9, 2014, Defendant Sandy Stimpson, in his capacity as mayor of Mobile, concurred with the trial board's recommendation and dismissed Smith from his employment. (Doc. 41-6). Smith appealed that decision to the Board (*see* Doc. 41-7), under the procedures set forth in Rule 14.4 of the Rules and Regulations of the Personnel Board ("Board Rules") (Doc. 41-4 at 55).[3] Board Rule 14.5 provides as follows:

> The Director shall within seven (7) calendar days after receipt of the appeal, investigate to insure proper procedure was followed as set out in Rule 14.3 and 14.4 and report said appeal to the Board. The Board shall schedule a public hearing on the appeal as early as practicable. Notice of the date, time and place of the hearing shall be given to the employee and the Appointing Authority. The parties may be represented by counsel. The Board shall not be bound by the technical rules of evidence but shall seek diligently all the information and evidence bearing on the merits of the case.

(Doc. 41-4 at 55).

Dees and the Board first became involved in Smith's termination proceedings around September 12, 2014 (, when Dees "received Smith's appeal" and "handled the matter on behalf of the Personnel Board in the usual course of business[,]" as follows:

---

[3] Under Section IX of Local Act 470, the Board Rules "have the force and effect of law." (Doc. 41-3).

> I noted in the Personnel Board records receipt of Smith's appeal of his termination by the City of Mobile Police Department. Following the procedure in Personnel Board Rule 14.5, on September15, 2014 I reviewed the procedural documents, including the predisciplinary hearing notice[,] the Mayor's letter of termination, and Smith's notice of appeal (Ex. 7). The initials "D.D." which appear in the documents are mine, and I dated the documents when I reviewed them- September 15, 2014.
>
> I determined from review of the documents that the City of Mobile provided Smith with at least 24 hour advance notice of the pre-disciplinary hearing; that the written notice contained a statement of the allegations and facts underlying the contemplated disciplinary action; that Smith was given an opportunity to respond to the allegations; that Smith was given written notice of the termination by the appointing authority; and that Smith filed a timely notice of appeal. Finding the predisciplinary hearing documents to be in order, I reported Smith's appeal to the Board by placing it on the Personnel Board's September 16, 2014 meeting agenda. The Personnel Board scheduled Smith's appeal for a *de novo* hearing on November 13, 2014.
>
> As Personnel Director I (or my assistant) attended Personnel Board hearings. At the hearing I acted as something of a bailiff by ushering witnesses in and out the hearing room, operating A V equipment, making copies of documents, etc…I did not in Smith's case, examine witnesses, vote, or otherwise participate in Personnel Board hearings or decisions.
>
> I was present in my official capacity at Smith's November 13, 2014 Personnel Board hearing. I did not participate in the hearing or in the Board's decision.

(Doc. 41-1 [Dees's 28 U.S.C. § 1746 Unsworn Declaration] at 1 – 3 (numbering, record citations, and footnote omitted)).[4] By order issued December 1, 2014, the Board

---

[4] Smith has failed to submit any evidence to rebut Dees's declaration as to his involvement in Smith's termination proceedings. In his response brief he "reincorporates" the allegations in his complaint's "Factual Statement." (*See* Doc. 45 at 2). However, the complaint is not sworn document and a " 'party opposing a properly submitted motion for summary judgment may not rest upon mere allegation or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial.' " *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). Smith has also submitted

affirmed Smith's termination. (Doc. 41-10).

Section XXXIV of Local Act 470 states as follows:

COURT PROCEEDINGS: Orders of the Personnel Director and Personnel Board may be enforced by mandamus, injunction, quo warranto, or other appropriate proceedings in a court of competent jurisdiction. Any person directly interested, within 14 days, may appeal to the Circuit Court of Mobile County from any order of the board, by filing notice thereof with the board, whereupon the board shall certify to a transcript of the proceedings before it and file the same in court. Only findings of fact of the board contained in the transcript, if supported by substantial evidence adduced before the board or before its Personnel Director after hearing and upon notice to the interested party or parties, and after affording the parties an opportunity to be heard, shall be conclusive on appeal. The issues on appeal shall be made up under the direction of the court within 30 days after the transcript is filed therein, and the trial shall proceed on the evidence contained in the transcript, if it appears therefrom that the evidence was taken after such notice and opportunity to be heard. If upon appeal, the court finds that the ruling, order, or action appealed from is unlawful or unreasonable within the meaning of this act, the court shall vacate or modify the same.

(Doc. 41-3 at 25 – 26).

As explained in greater detail in the Court's order dismissing the federal claims in Count IV (*see* Doc. 50 at 3 – 5), Smith attempted to appeal the Board's decision to the Mobile County circuit court under the procedures in § XXXIV, but the circuit court appeal was dismissed because Smith failed to show that he had filed a notice of appeal

---

his own affidavit in opposition to Dees's motion. (*See* Doc. 45-1). However, the majority of the affidavit recounts events occurring prior to Smith's appeal of his termination to the Board, during Smith's disciplinary proceedings with the City of Mobile that culminated in the City's September 9, 2014 termination letter. Nothing in the affidavit suggests that Dees had any involvement in Smith's case prior to his Board appeal. As to Dees's involvement in the Board appeal, Smith only claims: "At no time during my post-deprivation hearing did Defendant Dees testify or certify as to the non-discretional duties imposed upon him by the Rules and Regulations of the Mobile County Personnel Board or that the Appointing Authority had adhered to the MCPB Rules." (Doc. 45-1 at 7).

with the Board within 14 days of its decision, as required by § XXXIV.[5] *For background, see*: *Smith v. City of Mobile*, 203 So. 3d 885 (Ala. Civ. App. 2016).

### III. Analysis

#### a. Official Capacity Claims

The motion seeks dismissal of the official capacity claims against Dees "on the grounds of official capacity immunity." (Doc. 40 at 17). Dees cites no authority indicating what "official capacity immunity" is, and his substantive argument on this issue merely asserts that the official capacity claims against him should be dismissed as redundant of the claims against the Mobile County Personnel Board (*see* Doc. 40 at 17 – 18), or alternatively because he "no longer has" an official capacity due to his resignation as Personnel Director (*see* Doc. 49 at 6).

As noted previously, *see* n. 1, *supra*; (Doc. 50 at 1 n.1), by operation of Federal Rule of Civil Procedure 25(d), Defendant Barnett was substituted as a party for the

---

[5] The federal claims in Count IV, alleging that "Defendants' Donald Dees and the Mobile County Personnel Board intentionally denied Plaintiff Smith his due process right to appeal the termination decision issued by the City refusing to recognize and process the timely appeal filed on December 12, 2014, all in violation of the due process clause of the Fourteenth Amendment made actionable by 42 U.S.C. Section 1983…" (Doc. 1 at 10), were dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine as inextricably intertwined with the state court judgment, as those claims would succeed only to the extent that the state court wrongly decided that Smith had failed to timely file with the Board a notice of appeal of his termination proceedings. (*See* Doc. 50). Because Smith's untimely appeal precluded the state courts' review of the merits of the Board's decision, however, *see Smith v. City of Mobile*, 203 So. 3d 885, 887 n.2 (Ala. Civ. App. 2016), *Rooker-Feldman* does not deprive this Court of jurisdiction to consider Smith's federal claims related to his administrative proceedings. *See Narey v. Dean*, 32 F.3d 1521, 1525 (11th Cir. 1994) ("[T]he *Rooker–Feldman* doctrine, unlike that of *res judicata*, applies only to state court decisions, not to state administrative decisions. If the decision of a state agency has been upheld by a state court, then the *Rooker–Feldman* doctrine applies, because a challenge to the agency's decision necessarily involves a challenge to the judgment of the state court. The effect of *unreviewed* state administrative decisions, however, is a matter of *res judicata*…" (citations and quotation omitted)).

official capacity claims against the Board's Personnel Director upon her replacing Dees in that position, and the motion is deemed brought by her in that regard. Thus, because there are no longer any official capacity claims against Dees, there are no such claims to dismiss.

It is true that, "where a plaintiff brings an action against a public official in his official capacity, the suit is against the office that official represents, and not the official himself." *E.g., Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995). However, as noted previously, section III of Local Act 470 indicate that the Personnel Director and the Board are two of three separate entities that comprise the MCPD. Therefore, it appears that the Personnel Director would be deemed an officer of the MCPD, which is not a party to this action, rather than the Board. Regardless, the undersigned has previously rejected a similar argument in this action that mere redundancy warrants dismissal as a matter of law. (*See* Doc. 30 at 3 ("[S]imply because the official capacity claims against Stimpson are redundant of those against the City does not mean they 'fail[] to state a claim upon which relief can be granted' so as to justify dismissal under Rule 12(b)(6).")). While the Court may, "[o]n motion or on its own,…at anytime, on just terms,…drop a party[,]" Fed. R. Civ. P. 21, the Court declines to drop the official capacity claims against Barnett at this time.

Accordingly, the motion for summary judgment is due to be **DENIED** to the extent it asserts "official capacity immunity."

### b. Due Process Claims

Dees argues that he is due qualified immunity on the individual capacity claims against him. Because the defense of qualified immunity "does not apply to suits

governed by state law[,]" *Heggs v. Grant*, 73 F.3d 317, 320 n.5 (11th Cir. 1996) (per curiam) (citing *D'Aguanno v. Gallagher,* 50 F.3d 877, 879 (11th Cir. 1995)), the motion is due to be denied as to Count II, which only alleges a state law claim for violation of "the Mobile County Personnel Board Rules possessing force and effect of law[,]" (Doc. 1 at 9), and as to the state law claims asserted in Counts III and IV. As to whether Dees is entitled to qualified immunity on the federal claims asserted against him in Counts I and III, the Court declines to address that argument, as the record adequately reflects that summary judgment is due to be granted on those claims for another reason.

Counts I and III allege claims under 42 U.S.C. § 1983 that the Defendants violated Smith's right to due process under the Fourteenth Amendment to the United States Constitution during his administrative termination proceedings.

> The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process. *Cf. Zinermon v. Burch,* 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L.Ed.2d 100 (1990). A violation of either of these kinds of protection may form the basis for a suit under section 1983. *Id.*

*McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (en banc).[6]

Smith does not specify whether he is asserting claims for deprivation of substantive due process, procedural due process, or both. However, it has long been the law of this Circuit that "areas in which substantive rights are created only by state law

---

[6] "[P]ublic employees who can be discharged only for cause have a constitutionally protected property interest in their tenure and cannot be fired without due process…" *Gilbert v. Homar*, 520 U.S. 924, 928–29 (1997) (citing *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 578 (1972)). There is no dispute that Smith was such an employee.

(as is the case with…employment law) are not subject to substantive due process protection under the Due Process Clause because substantive due process rights are created only by the Constitution. As a result, these state law based rights constitutionally may be rescinded so long as the elements of procedural—not substantive—due process are observed." *Id.* at 1556. Thus, "an employee with a property right in employment is protected only by the procedural component of the Due Process Clause, not its substantive component. Because employment rights are state-created rights and are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection." *Id.* at 1560. *See also id.* at 1559 ("Whether an individual complains that a state lacks constitutionally adequate procedures for termination of employees or asserts that his particular hearing was not fair and impartial, he has raised only procedural due process concerns."); *Bell v. City of Demopolis, Ala.*, 86 F.3d 191, 192 (11th Cir. 1996) (per curiam) (*McKinney* "held that the alleged wrongful discharge of an employee by a state actor does not give rise to a substantive due process claim but instead implicates only procedural due process.").

"[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). In *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer,* 468 U.S. 517 (1984), "the Supreme Court held that there is no procedural due process violation when the act complained of is the random and unauthorized act of a state employee for which adequate postdeprivation process is available. The *Parratt–Hudson* reasoning applies when the official action complained

of is of a type that the State cannot reasonably foresee and for which predeprivation process thus is not feasible." *Powell v. Ga. Dep't of Human Res.*, 114 F.3d 1074, 1081 (11th Cir. 1997).[7] Counts I and III complain that the Defendants deprived Smith of due process by failing to follow various procedures mandated by Local Act 470, the Board Rules, and Alabama "statutory laws" during his administrative proceedings. (*See* Doc. 1; Doc. 45 at 15 ("Smith is contending that any violation of Mobile County Board Personnel Board Rules set forth in Chapter 14 are necessarily actionable under § 1983 as this case also respects both failure to follow mandatory procedures based on State law; but also the taking of a property interest, which is protected under the 14th Amendment and Alabama Constitution.")).[8] These are quintessential "random and unauthorized acts" for which adequate state postdeprivation process can provide a

---

[7] *See also Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga.*, 633 F.3d 1297, 1317 (11th Cir. 2011) ("So long as the State provides adequate post-deprivation remedies, 'due process d[oes] not require pre-deprivation hearings where the holding of such a hearing would be impracticable, that is, where the deprivation is the result of either a negligent or an intentional deprivation of property.' *McKinney v. Pate,* 20 F.3d 1550, 1562–63 (11th Cir. 1994) (en banc). []Pre-deprivation process is impractical 'where a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure,' because 'the state cannot know when such deprivations will occur.' " *Hudson,* 468 U.S. at 532, 533...")

[8] Count I alleges that, "[b]y terminating Plaintiff Smith without following mandatory and nondiscretionary merit system 'due process procedures', Defendants deprived Plaintiff of his property right interest in his job as a county merit system employee without due process of law." (Doc. 1 at 9). Count III, entitled "INTENTIONAL VIOLATION OF SECTION XXXIV OF THE LOCAL ACTS, THE RULES OF THE MOBILE COUNTY PERSONNEL BOARD STATUTORY DUE PROCESS VIOLATIONS," alleges the Defendants "intentionally denied Plaintiff Smith his due process right to a fair disciplinary hearing in clear violation of MCPB Rule 43.3(a) by serving him with an inadequate notice of hearing, and in the conduct of the hearing itself by denying Smith the right to call witnesses of his choose, and to confront witnesses called by the City." (*Id.* at 10).

remedy satisfying procedural due process.[9]

In interpreting *Parratt* and *Hudson*,

> *McKinney v. Pate,* 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc)…said that "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim. *See id.; see also Bass v. Perrin,* 170 F.3d 1312, 1319 (11th Cir. 1999); *Harris v. Board of Educ.,* 105 F.3d 591, 596 (11th Cir. 1997). This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to "remedy the procedural failings of its subdivisions and agencies in the appropriate fora—agencies, review boards, and state courts" before being subjected to a claim alleging a procedural due process violation. *See McKinney,* 20 F.3d at 1560; *see also Horton v. Board of County Comm'rs,* 202 F.3d 1297, 1300 (11th Cir.2000).

> …[Courts]—when determining if a plaintiff has stated a valid procedural due process claim—look to whether the available state procedures were adequate to correct the alleged procedural deficiencies. *See McKinney,* 20 F.3d at 1563; *see also Bell v. City of Demopolis, Alabama,* 86 F.3d 191, 192 (11th Cir. 1996); *Narey v. Dean,* 32 F.3d 1521, 1527–28 (11th Cir. 1994). If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process. *See McKinney,* 20 F.3d at 1565 ("The fact that [McKinney] failed to avail himself of the full procedures provided by state law ... does not constitute a sign of their inadequacy."); *Bell,* 86 F.3d at 192; *Narey,* 32 F.3d at 1528. And, to be adequate, the state procedure need not provide all the relief available under section 1983. *See McKinney,* 20 F.3d at 1564. Instead, the state procedure must be able to correct whatever deficiencies exist and to provide plaintiff with whatever process is due.

---

[9] Under the "established state procedure" exception to the *Parratt–Hudson* rule, "where a deprivation occurs pursuant to an established state procedure, predeprivation process is ordinarily feasible[,]" and thus the adequacy of postdeprivation remedies is irrelevant. *Rittenhouse v. DeKalb Cty.*, 764 F.2d 1451, 1455 (11th Cir. 1985). This exception is clearly inapplicable here, as Smith's claimed due process deprivations were the result of the Defendants' alleged failure to follow "established state procedures."

*Cotton v. Jackson*, 216 F.3d 1328, 1330–31 (11th Cir. 2000) (per curiam) (footnotes omitted).

Here, adequate state procedures were available to address any procedural deficiencies in Smith's administrative termination proceedings. Smith was permitted to, and in fact did, appeal the City's termination decision to the Board. After the Board affirmed the City's decision, Smith was permitted to appeal the Board's decision to the Mobile County Circuit Court under § XXXIV of Local Act 470. Since 1996, the Eleventh Circuit has recognized that Alabama courts are capable of providing adequate postdeprivation process for employment termination proceedings under *McKinney*'s reasoning, and Smith gives this Court no reason to believe this has changed. *See Bell*, 86 F.3d at 192 ("Bell attempts to distinguish *McKinney* [by] assert[ing] here that Alabama courts do not offer the same 'thorough, almost de novo, review' of Florida's circuit courts. Alabama courts, however, like Florida courts, review employment termination proceedings both to determine whether they are supported by substantial evidence and to see that the proceedings comport with procedural due process." (citing *Ex Parte Tuskegee*, 447 So. 2d 713 (Ala. 1984); *Guinn v. Eufaula*, 437 So. 2d 516 (Ala. 1983)). Smith, however, failed to take advantage of the opportunity for judicial review under § XXXIV, and he cannot rely on that failure to claim that the Defendants deprived him of procedural due process.[10]  *Cf. Hein v. Kimbrough*, 545 F. App'x 926, 927–28

---

[10] Local Act 470 does not authorize the Board, or the circuit court on direct appeal of a Board decision, to decide constitutional issues, which must instead be raised in a "separate and distinct collateral suit." *Wright v. City of Mobile*, 170 So. 3d 656, 661–62 (Ala. Civ. App. 2014). The Eleventh Circuit's decision in *Bell* appears to approve of this as sufficient postdeprivation process under *McKinney*. *See Bell*, 86 F.3d at 192 (citing *Guinn v. Eufaula*, 437 So. 2d 516 (Ala. 1983), which involved an appeal of a summary judgment on alleged constitutional violations occurring administrative termination

(11th Cir. 2013) (per curiam) (unpublished) ("With respect to his due-process challenge, Hein contends the hearing process was flawed and that he was denied a meaningful chance to clear his name. But Hein does not dispute that he was permitted to appeal to the Clayton County Civil Service Board (which was, in turn, subject to judicial review), knew he had the opportunity to do so, and chose not to. 'If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process.' *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000)." (footnote omitted)).

That Smith's "fail[ure] to take advantage of" § XXXIV was caused by his failure to properly follow procedure, rather than total inaction, makes no difference. As the Eleventh Circuit has explained, "[t]he *McKinney* rule is not micro in its focus, but macro. It does not look to the actual involvement of state courts or whether they were asked to provide a remedy in the specific case now before the federal court. Instead, the *McKinney* rule looks to the existence of an opportunity-to whether the state courts, if asked, generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered. If state courts would, then there is no federal procedural due process violation regardless of whether the plaintiff has taken

---

proceedings)). Regardless, Smith's claims for deprivation of federal due process are premised solely on the Defendants' alleged failure to follow Local Act 470 and the Board Rules, and the circuit court possessed authority on direct appeal to correct any such errors. *See Wright*, 170 So. 3d at 661–62 ("The trial court…did not have to rule on any constitutional issues to decide whether the City of Mobile had complied with Rule 14.3(a) in dismissing Wright. That issue depends entirely on the meaning of the first part of Rule 14.3(a) quoted above, regardless of its constitutional implications. We agree with Wright that the trial court could have reviewed that legal issue on appeal, *see Board of Water & Sewer Comm'rs of City of Mobile v. Smith,* 591 So.2d 521, 522 (Ala. Civ. App.1991) (allowing for certiorari review of questions of law in appeals from personnel board's orders)…").

advantage of the state remedy or attempted to do so." *Horton v. Bd. of Cty. Comm'rs of Flagler Cty.*, 202 F.3d 1297, 1300 (11th Cir. 2000).[11] Based on the foregoing reasoning, the Court tentatively finds that Smith cannot show a viable claim for deprivation of due process and that summary judgment is therefore due to be granted in favor of the Defendants on all federal claims in Counts I and III.

The Court has original jurisdiction over Smith's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367(a).[12] The only remaining federal claims in this action are those for deprivation of due process found in Counts I and III. If those claims are dismissed, the Court, in its discretion, may decline to continue exercising supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when…the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam). *See also Betts v. Hall*, 679 F. App'x 810, 814 (11th Cir. 2017) (per curiam) (unpublished).

Under Federal Rule of Civil Procedure 56(f), "[a]fter giving notice and a reasonable time to respond, the court may…grant summary judgment for a nonmovant" and "grant the motion on grounds not raised by a party…" Fed. R. Civ. P. 56(f)(1)-(2).

---

[11] Because the majority in *Horton* ultimately concluded it lacked jurisdiction over the appeal, they acknowledged that the opinion's discussion of "the meaning of the *McKinney* decision is dicta and not binding on anyone." 202 F.3d at 1302. Nevertheless, "even though not binding, dicta sometimes can be useful." *Id.* Moreover, subsequent Eleventh Circuit decisions have relied on *Horton*'s discussion of *McKinney*. *See, e.g., Foxy Lady, Inc. v. City of Atlanta, Ga.*, 347 F.3d 1232, 1238-39 (11th Cir. 2003) (per curiam); *Reams v. Irvin*, 561 F.3d 1258, 1266 (11th Cir. 2009).

[12] Smith has not alleged diversity of citizenship under 28 U.S.C. § 1332(a) as a basis for original jurisdiction, and nothing in the record supports such a basis for jurisdiction.

Accordingly, any party opposed must file and serve, no later than **Tuesday, August 29, 2017**, a response to this order showing cause why summary judgment should not be entered in favor of all Defendants on the federal claims asserted in Counts I and III, with all remaining state law claims then dismissed without prejudice under 28 U.S.C. § 1367(c)(3), for the reasons stated above.  Any party who desires to make a reply to a response must file and serve the reply no later than **Tuesday, September 5, 2017**, after which this matter will be taken under submission for further consideration by the Court.

**DONE** and **ORDERED** this the 15th day of August 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**